IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TIMOTHY DARRELL GRIFFIN                                          PLAINTIFF

       v.                Civil No. 06-4081

JAMES ATCHLEY, Officer,
Texarkana Arkansas Police Department;
and RONALD JEFFERY SAVAGE,
Officer, Texarkana Arkansas Police
Department                                                       DEFENDANTS

## ORDER

This is a civil rights action filed by the plaintiff pursuant to 42 U.S.C. § 1983. The plaintiff proceeds pro se and *in forma pauperis*. The plaintiff is a detainee of the Miller County Correctional Center.

Pursuant to 28 U.S.C. § 1915A the court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). On review, the court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). *See also* 28 U.S.C. § 1915(e)(2)(B)(i-iii).

Upon review of the complaint in this case, the court finds the case should be dismissed. According to the allegations of the complaint, plaintiff was arrested during a traffic stop by the defendant officers on February 16, 2006, and charged with possession of a controlled substance and simultaneous possession of a weapon. Plaintiff is currently incarcerated on those charges and awaiting trial. He asks this court to release him on his own recognizance, lower his bond, or dismiss the criminal charges against him.

AO72A
(Rev. 8/82)

To the extent the complaint can be read to be asserting a claim for damages, it is barred by the Supreme Court decision of *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). In *Heck*, the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87.

The rationale of *Heck* has been applied to § 1983 complaints filed while the criminal charges are pending. *See e.g., Smith v. Holtz*, 87 F.3d 108, 113 (3d Cir. 1996). In *Smith*, the Third Circuit stated:

> We find that [the *Heck*] concerns apply equally to claims that, if successful, would necessarily imply the invalidity of a future conviction on a pending criminal charge. A claim by a defendant in an ongoing criminal prosecution which necessarily challenges the legality of a future conviction on a pending criminal charge lies at the intersection of the federal habeas corpus statute and the Civil Rights Act of 1871. If such a claim could proceed while criminal proceedings are ongoing, there would be a potential for inconsistent determinations in the civil and criminal cases and the criminal defendant would be able to collaterally attack the prosecution in a civil suit. In terms of the conflicts which *Heck* sought to avoid, there is no difference between a conviction which is *outstanding* at the time the civil rights action is instituted and a *potential* conviction on a pending charge that may be entered at some point thereafter.

*Smith*, 87 F.3d at 113.

To the extent Griffin's claims are not barred by *Heck*, abstention is appropriate. "In *Younger v. Harris*, 401 U.S. 37, 43-44, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971), the Supreme Court advanced the position that federal courts should refrain from interfering with pending state judicial proceedings absent extraordinary circumstances." *Harmon v. City of Kansas City*, 197 F.3d 321, 325 (8th Cir. 1999), *cert. denied*, 529 U.S. 1038, 120 S. Ct. 1534, 146 L. Ed. 2d 348

AO72A
(Rev. 8/82)

(2000). Abstention under *Younger* "is warranted if the action complained of constitutes the basis of an ongoing state judicial proceeding, the proceedings implicate important state interests, and an adequate opportunity exists in the state proceedings to raise constitutional challenges." *Id.* (*citing Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir. 1996)).

Here, Griffin's claims stem from the fact that he was arrested and charged with various drug related offenses. These charges are currently pending. The issue of whether the evidence should be suppressed and whether probable cause existed for his arrest can be litigated in the state court criminal case. To allow Griffin's action to proceed at this point would require this court to interfere in ongoing state criminal proceedings, and this court will not do so absent extraordinary circumstances. No such circumstances exist here and abstention is appropriate.

For the reasons stated, this case is dismissed.

IT IS SO ORDERED this 6th day of November 2006.

/s/ Harry F. Barnes
HON. HARRY F. BARNES
UNITED STATES DISTRICT JUDGE

AO72A
(Rev. 8/82)